IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50546
Summary Calendar

_____


RONALD JAMES HICKS,

                                        Plaintiff-Appellant,

                            versus

BEXAR COUNTY; CYNDIE TAYLOR KRIER, Bexar
County Commissioners Court; ROBERT TEJEDA,
Bexar County Commissioners Court; PAUL
ELIZONDO, Bexar County Commissioners Court;
WALTER BIELSTEIN, Bexar County Commissioners
Court; MIKE NOVAK, Bexar County Commissioners
Court; CITY OF SAN ANTONIO; JOHN A. SMITH,
Municipal Court Judge; RUSSELL MITCHELL,
Municipal Court Judge; RICHARD GLEISNER,
Deputy Chief, San Antonio Police Department;
JOHN DOE, 1-30 defendants; JANE DOE, 1-30
defendants,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Texas
(SA-96-CV-951)
_____
February 12, 1998

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff Ronald Hicks filed this lawsuit alleging civil rights violations[1] by the defendants, two San Antonio Municipal Court Judges, a San Antonio police officer, the city of San Antonio, Bexar County and the Bexar County Commissioner's Court. The trial court granted summary judgment for the defendants. We affirm.

Hicks was cited for several traffic violations and executed a written promise to appear before a magistrate at a specified date. When he appeared before the judge, he refused to enter a plea, and the judge entered a plea of not guilty for him and set a date for trial. Hicks sent a letter to Bexar County informing the County of what he perceived to be the unlawful acts of the judge. The same series of events occurred with a second ticket. Later, Hicks received a letter from a San Antonio police captain, Richard Gleisner, informing him that he would be arrested if he did not pay his traffic fines.

Hicks sued the San Antonio judges and police captain, along with Bexar County and the City of San Antonio for violating his civil rights and trying to extort money. His complaint alleges that: (1) the City of San Antonio and Bexar County have an agreement by which the City provides 24-hour magistrate service for people within the jurisdictional boundaries of the County; (2) two Municipal Court Judges failed to properly perform

---

[1]Hicks alleged violations under 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

unspecified duties assigned to them as magistrates and thereby violated Hicks' constitutional rights; (3) the magistrates conspired with various County officials to engage in unspecified racketeering activities and violate Hicks' constitutional rights; (4) Hicks was not taken before a magistrate within the time frame required by state law after being issued a traffic citation; (5) when Hicks did appear before a magistrate, the magistrate imposed fines without ordering Hicks to appear at a later date for arraignment in the County Court or statutory County Court; and (6) a San Antonio police officer subsequently sent Hicks a letter in which he threatened him with arrest if he did not pay the fines.

The district court explained in great detail its reasons for granting summary judgment. Those reasons are correct. The basic error of Hicks is his failure to recognize that the municipal courts of San Antonio have the jurisdiction provided by general law for municipal courts[2] and that embraces concurrent jurisdiction with the justice courts over all criminal cases arising under state law that arise within the territorial limits of the municipality and are punishable only by a fine—as were the charges in this case.[3]

---

[2]TEX. GOVT. CODE ANN. § 30.083(a) (Vernon 1988).

[3]See TEX. GOVT. CODE ANN. § 29.003(b) (Vernon Supp. 1997). Operating a motor vehicle without liability insurance is punishable by a fine of up to $350. TEX. TRANSP. CODE ANN. § 601.191 (Vernon Supp. 1997). Failing to display a valid license

Hicks has raised no issue of a deprivation of a right under the federal law or Constitution.

AFFIRMED.

---

plate is punishable by a fine of up to $200, as is operating a motor vehicle without a valid inspection certificate.  TEX. TRANSP. CODE ANN. §§ 502.404(e), 548.603 (Vernon 1998).